# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HAROLD J. BECK,** | CIVIL ACTION NO. 1:07-CV-0296 |
| **Plaintiff** | (Judge Conner) |
| v. | |
| **MONROE COUNTY PUBLIC DEFENDERS OFFICE, et al.,** | |
| **Defendants** | |

## MEMORANDUM

Presently before the court is a complaint filed by Harold J. Beck ("Beck"), an inmate at the Monroe County Correctional Facility. (Doc. 1). Beck seeks to proceed *in forma pauperis*. (Doc. 2). For the reasons that follow, plaintiff's application to proceed *in forma pauperis* will be granted but the complaint will be dismissed pursuant to 28 U.S.C. §1915(e).

## I. Allegations of the Complaint

Beck alleges that Monroe County public defenders Peters and Spochok are not assisting him with his witnesses or evidence and that he is being prevented from proving his innocence. (Doc. 1, p. 2). He claims that Pennsylvania Court of Common Pleas Judges Marks and Vican ignore his complaints about the public defenders and that they refuse to provide him with a fair hearing or trial. (Id.).

He also alleges that his ex-wife, Karen Beck, is physically abusing their children. (Id.).

He names two other individuals, Worthington and Sibum, in the complaint, but fails to set forth allegations of wrongdoing.  (Id.).  Subsequent to the filing of the complaint, Beck wrote a letter to the Clerk of Court wherein he states that these defendants, along with his ex-wife, made his children unavailable to testify at various court proceedings.  (Doc. 4).

**II.    Discussion**

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §1915(e)(2)(B)(ii), (iii).

     A.    Failure to State a Claim

The applicable standard of review for the failure to state a claim provision is the same as the standard for a 12(b)(6) motion.  Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002).  A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend.  Id. at 106.

In order to prevail on a § 1983 claim, Beck must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F.Supp.2d 361, 372 (M.D.Pa. 2001).

Plaintiff attempts to hold public defenders Peters and Spochek liable under § 1983. It is well established that defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do "not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Accordingly, since the allegations against public defenders Peters and Spochek are all premised on actions they took while serving as Beck's defense counsel, the § 1983 claim against these defendants will be dismissed.

Likewise, the claims against Beck's ex-wife, Karen Beck will be dismissed. The allegations against her are insufficient to state a Section 1983 claim because she was acting as a private citizen, not under color of state law.

With respect to defendants Worthington and Sibum, their names only appear in the "Additional Defendants" portion of the form complaint. (Doc. 1, p. 2). Because plaintiff fails to allege that these defendants were acting under color of state law, the complaint will be dismissed. However, even if the defendants were state actors, the complaint would still be subject to dismissal. "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); See Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Allegations of participation or actual knowledge and acquiescence,

however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08. Beck fails to set forth allegations of wrongdoing on the part of either of these defendants. (Doc. 1). Out of an abundance of caution, the court has moved beyond the confines of the complaint and considered a letter written by Beck to the Clerk of Court. (Doc. 4). The only alleged wrongdoing that can be gleaned from the letter is that these two defendants assisted Beck's ex- wife in making their children unavailable for court proceedings; conduct which does not amount to a constitutional violation.

    B.    Immunity

"The Supreme Court has long recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir.2000). A "judicial act" is defined as an action normally performed by a judge and where the parties deal with the judge in his judicial capacity. Stump v. Sparkman, 435 U.S. 349, 362 (1978). There is no question that Beck seeks damages against Judges Marks and Vican for actions performed in their judicial capacity. Hence, they are absolutely immune from any claim for compensatory damages.

    Conversely, judicial immunity is not a bar to prospective injunctive relief. Pulliam v. Allen, 466 U.S. 349 (1978). However, the threat of injury must be both "real and immediate," not "conjectural" or "hypothetical" to satisfy the case or controversy requirement of Article III of the U.S. Constitution. Los Angles v. Lyons,

461 U.S. 95, 101-02. (1983).  Here, plaintiff has failed to set forth any basis for prospective injunctive relief against Judges Marks or Vican.

For the reasons set forth above, the complaint will be dismissed.  An appropriate order will issue.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      March 5, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD J. BECK,** | : | **CIVIL ACTION NO. 1:07-CV-0296** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **MONROE COUNTY PUBLIC DEFENDERS OFFICE, et al.,** | : | |
| **Defendants** | : | |

# **O R D E R**

AND NOW, this 5th day of March, 2007, upon consideration of plaintiff's complaint (Doc. 1), it is hereby ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. 2) is GRANTED.

2. The complaint (Doc. 1) is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), (iii).

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

　　　　　　　　　　　　　　　　　　S/ Christopher C. Conner
　　　　　　　　　　　　　　　　　　CHRISTOPHER C. CONNER
　　　　　　　　　　　　　　　　　　United States District Judge